UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOHN DEMPSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) C.A. No. 08-2145 (PJM) ) ) |
| Defendant. | ) ) ) |

**FIRST AMENDED COMPLAINT**

COMES NOW, the Plaintiff, John Dempsey, by and through his attorney, Donna Williams Rucker, Esquire, and sues Defendant, Washington Metropolitan Area Transit Authority (hereafter "WMATA" or "Defendant") and for cause of action as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is proper pursuant to the Rehabilitation Act of 1973. Venue is proper based on the fact that the actions complained of occurred in Maryland.

2. Plaintiff, John Dempsey, timely files this action in accordance with the United States Equal Employment Opportunity Commission.

3. Plaintiff brings this action for discrimination on the basis of physical disability (diabetes and hearing loss).

4. Plaintiff has exhausted all of his administrative remedies.

**PARTIES**

5.  Plaintiff, John Dempsey, is a former Stock Clerk A at the Shady Grove Shop operated by WMATA. Plaintiff suffers from Type I Diabetes and hearing loss. Plaintiff resides at 8416 Dasher Court, Gaithersburg, Maryland 20882.

6.  Plaintiff at all times relevant to this Complaint was an employee of WMATA.

7.  Defendant WMATA is a quasi governmental defendant doing business in the state of Maryland.

**FACTS**

8.  Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein, and further alleges:

9.  Plaintiff has a physical disability due to Type I Diabetes and hearing loss and is entitled to reasonable accommodations under the Rehabilitation Act of 1973.

10. At all times relevant hereto, Plaintiff was a Stock Clerk A at the Shady Grove Shop operated by Defendant.

11. Plaintiff was in the position identified in the preceding paragraph for almost 10 years from 1998 or 1999 to 2006.

12. Plaintiff was constructively discharged from his position as a Stock Clerk A.

13. Plaintiff worked in an environment in which loud bells

were constantly going off and thereby caused significant damage to Plaintiff's hearing.

14. Plaintiff's work area was located in a sublevel concrete room.

15. Since 2004, Plaintiff continuously requested that WMATA install another warning device, lower the decibel level of the bell, or provide him hearing protection devices to prevent further hearing loss.

16. WMATA failed to accommodate and/or prevent the further decline of Plaintiff's hearing loss by replacing the warning bell, reducing the decibel level, or providing Plaintiff with hearing protection devices.

17. Plaintiff requested accommodation based on his disability.

18. Plaintiff is a Type I diabetic and has been for over thirty (30) years.

19. In 2006, due to a medication switch, Plaintiff was unable to feel when his blood sugar level was dropping.

20. Plaintiff's physician changed the medications that Plaintiff was taking, which enabled Plaintiff to feel his lowering blood sugar levels and take appropriate actions to maintain his blood sugar level.

21. Plaintiff's physician released him to work on July 7, 2006 and despite his physician stating that he was healthy and able to return to work, WMATA terminated his employment as a

Stock Clerk A due to his medical condition.

22. Plaintiff has dealt with the same condition while working as a Stock Clerk A for almost 10 years with no problems until his physician changed his medications.

23. Plaintiff requested accommodations in the form of breaks in order to monitor his blood sugar levels.

24. Defendant denied Plaintiff requests for accommodations for his hearing and his diabetes.

25. Defendant refused to accommodate Plaintiff's physical disability even after being provided with medical documentation.

26. Plaintiff was required to work in an environment where the loud bells caused and/or contributed to his hearing loss.

27. Plaintiff complained to his supervisors about the bells, not being able to take breaks to monitor his blood sugar levels, and the hostile work environment he was forced to endure.

28. WMATA did nothing to address Plaintiff's repeated requests for reasonable accommodations.

29. Plaintiff was treated differently than his co-workers.

**COUNT I**
**(Discrimination based on the Rehabilitation Act of 1973)**

30. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein, and further alleges:

31. Plaintiff met with an EEO counselor regarding his failure to receive the accommodations requested by him.

32. The medical documentation provided by Plaintiff to Defendant established that his physical condition was a disabling condition and affected, among other things, Plaintiff's ability to listen to loud bells, and work without breaks in order to check his blood sugar levels.

33. Plaintiff made repeated requests to Defendant for reasonable accommodations prior to going to the EEO counselor.

34. Plaintiff's supervisors were unwilling to assist Plaintiff in receiving his reasonable accommodations.

35. The reasonable accommodations requested by Plaintiff would not have caused an undue burden or hardship on Defendant.

36. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering and the treatment was ongoing based upon Defendant's actions.

37. Defendant's failure to provide Plaintiff the reasonable accommodations requested deprived Plaintiff of the opportunity to be as productive as his co-workers in the same work environment.

38. Plaintiff has incurred lost wages and loss of career opportunity now and into the future, all without any negligence being attributed to Plaintiff.

**RELIEF REQUESTED**

39. Award compensatory damages in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00);

40. Award, pursuant to 29 U.S.C. § 794(a), reasonable attorney's fees, costs and expenses incurred for this action;

41. Declaratory and injunctive relief;

42. Order that Defendant institute a policy and procedure to be implemented against discrimination;

43. Equal Employment Opportunity Training for Defendant and the supervisory officials at issue herein;

44. Supervisory training for the supervisors at issue herein; and

45. Such other and further relief as this Court deems just and proper.

**JURY TRIAL**

46. Plaintiff, by and through counsel, demands a trial by jury on all issues set forth herein.

Respectfully submitted,

/s/ Donna Williams Rucker
Donna Williams Rucker, Esquire
(MD Bar No. 04180)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
Tel: (202) 496-0400
Fax: (202) 496-0404

November 21, 2008          Attorney for Plaintiff